615 So.2d 859 (1993)
FLORIDA EMPLOYERS INSURANCE SERVICE CORPORATION, Appellant,
v.
SPECIAL DISABILITY TRUST FUND, DIVISION OF WORKERS' COMPENSATION, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellee.
No. 91-3714.
District Court of Appeal of Florida, First District.
March 22, 1993.
Sean J. Gallagher, of Miller, Kagan & Chait, West Palm Beach, for appellant.
John S. Miller, Sp. Disability Trust Fund, Tallahassee, for appellee.
KAHN, Judge.
Florida Employers Insurance Service Corporation (FEISCO) seeks review of a declaratory statement[1] issued by the Division of Workers' Compensation, Florida Department of Labor and Employment Security (Division).
By petition, FEISCO sought to obtain the agency's interpretation of section 440.49(2)(f)2, Florida Statutes (1991), which provides as follows:
The Special Disability Trust Fund shall not be liable for any costs, interest, penalties, or attorney's fees.
The factual and procedural background upon which the petition arose is set out in the petition itself as follows:
1. Petitioner is the administrator and servicing agent for the FLORIDA COMMERCE, CONSTRUCTION & INDUSTRY SELF INSURERS FUND. The FLORIDA COMMERCE, CONSTRUCTION & INDUSTRY SELF INSURERS FUND is a self-insurance fund created pursuant to Chapter 440.57, Florida Statutes; the Fund collects premiums from its employers/members and, in return, provides workers' compensation coverage to said employers/members. FLORIDA EMPLOYERS INSURANCE SERVICE *860 CORPORATION has been retained by the FLORIDA COMMERCE, CONSTRUCTION & INDUSTRY SELF INSURERS FUND as its administrator and servicing agent to provide payment of workers' compensation benefits pursuant to Chapter 440, Florida Statutes and, in appropriate cases, to seek reimbursement from the Special Disability Trust Fund.
2. The Special Disability Trust Fund is a part of the Division of Workers' Compensation, Department of Labor and Employment Security, and the Department of Labor and Employment Security or the duly authorized delegate of the Secretary of the Department is the appropriate agency to receive and dispose of this Petition.
3. Petitioner has standing to file this Petition in that it has a direct and substantial interest in the interpretation and application of all statutes and rules which affect Petitioner's obligation to make payment of workers' compensation benefits pursuant to Chapter 440, Florida Statutes or which affect Petitioner's entitlement to reimbursement from the Special Disability Trust Fund.
4. Petitioner and the Special Disability Trust Fund, have entered into the following stipulation of facts:
STIPULATED FACTS
(a) Petitioner has entered into a settlement agreement with a Claimant pursuant to Chapter 440.20(12), Florida Statutes under which Petitioner agrees to pay to Claimant a total of $50,000.00 in one lump-sum payment in exchange for release from liability for future payment of wage loss benefits. The Special Disability Trust Fund has agreed that Petitioner is entitled to be reimbursed for 60% of all wage loss benefits paid to Claimant.[2]
(b) The Special Disability Trust Fund agrees that Claimant is responsible for payment of his own attorney's fees and that Petitioner has no obligation to pay Claimant's attorney's fees under the provisions of Chapter 440.34(3), Florida Statutes.
(c) Claimant and his attorney have entered into an agreement regarding the amount of attorney's fees to be paid by Claimant to his attorney. Subject to the approval of the Judge of Compensation Claims, Petitioner, as an administrative convenience to the Claimant and his attorney, and in order to facilitate the timely payment of benefits to the Claimant, has agreed to issue two separate checks, one to the Claimant and one to Claimant's attorney, as opposed to one check payable to both the Claimant and his attorney.
(d) Petitioner has issued one check in the amount of $8,250.00 payable to Claimant's attorney and a second check in the amount of $41,750.00 payable to the Claimant.
5. Petitioner is in doubt as to whether the provisions of Section 440.49(2)(f)2, Florida Statutes prohibit the Special Disability Trust Fund from reimbursing 60% of the sum of $8,250.00 as set forth in the above situation.
6. Petitioner has in excess of 1,000 claims pending before the Special Disability Trust Fund, a majority of which involve the same issue as raised in the factual situation set forth above.
WHEREFORE, Petitioner, in accordance with Chapter 120.565, Florida Statutes, does hereby request the DIVISION OF WORKERS' COMPENSATION, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, to issue its Declaratory Statement regarding the following question:
Under Chapter 440.49(2)(f)2, Florida Statutes, are all amounts paid by Petitioner under the settlement agreement properly denoted as compensation and, as such, eligible for 60% reimbursement by the Special Disability Trust Fund?
The Division, in its declaratory statement, concluded that the statute "clearly *861 states that the Special Disability Trust Fund will not be liable for the reimbursement of any attorney's fees" (emphasis in original). The Division went on to opine that because of this prohibition, it made no difference whether the claimant alone is responsible for payment of attorney's fees and the insurance company would have no obligation to pay fees under section 440.34(3), Florida Statutes (1991). The Division looked solely to the form in which the settlement checks were issued, and since a portion of the settlement appeared as a check payable to claimant's attorney, the Division concluded that the Special Disability Trust Fund would have no liability to reimburse FEISCO for that portion of the settlement. We reverse.
The Special Disability Trust Fund was established by the legislature in order to encourage the employment of physically handicapped workers by protecting employers from excess liability for compensation and medical expense when an injury to a handicapped worker merges with a preexisting permanent physical impairment to cause a greater disability than would have resulted from the injury alone. § 440.49(2)(a), Fla. Stat. (1991). The Trust Fund was not, however, created to provide any benefits for injured employees not otherwise provided by Chapter 440. Id. Entitlement to workers' compensation benefits must always be determined without regard to the existence of the Trust Fund. Id. With these statutory statements of legislative intent in mind, we must focus initially upon the Chapter 440 benefits payable by FEISCO, and only then may we determine whether a carrier is entitled to, or prohibited from, reimbursement from the Trust Fund.
In the present case, the stipulated facts before us indicate that the claimant's sole entitlement was to a payment of $50,000.00 in one lump sum amount. Such payment was solely attributable to FEISCO's liability for future payment of wage loss benefits. FEISCO had no responsibility for payment of claimant's attorney's fees. Having made these observations, we find that FEISCO is entitled to reimbursement of the appropriate percentage as to the entire amount of the lump sum payment. This is true because the $50,000.00 payment was due only to the claimant. FEISCO's desire to nonetheless make partial payment of the lump sum by preparing a separate check to the order of claimant's attorney apparently derives from a desire to cleanly resolve the settlement by disbursing a lump sum payment, while at the same time extinguishing any potential statutory attorney's fee lien pursuant to section 440.34(4), Florida Statutes (1991).[3] As FEISCO points out, the result of the Division's declaratory statement in this case would be that, to obtain reimbursement, the carrier would issue a lump sum compensation settlement payable to the claimant and the claimant's attorney. At that point the claimant would have to either write a check in the same amount ($8,250.00) out of the lump sum proceeds to pay the attorney who would have a lien on these proceeds, or the attorney and claimant could wait for the compensation check to clear and then the attorney could issue a separate check to the claimant. We are persuaded that the result now sought by FEISCO in its challenge to the Division's declaratory statement is more efficient and accomplishes the same end. We emphasize that in the present case no hint of collusion between the carrier and claimant exists, and it is stipulated that the carrier has no responsibility for attorney's fees. We thus hold that on the facts presented in the petition for declaratory statement, FEISCO may issue two checks without jeopardizing its statutory rights to reimbursement from the Special Disability Trust Fund of a proportionate amount of the workers' compensation settlement.
BOOTH and MICKLE, JJ., concur.
NOTES
[1] "Each agency shall provide by rule the procedure for the filing and prompt disposition of petitions for declaratory statements. A declaratory statement shall set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances only... . Agency disposition of petitions shall be final agency action." § 120.565, Fla. Stat. (1991).
[2] See § 440.49(2)(c)2, Fla. Stat. (1991).
[3] "In such cases in which the claimant is responsible for the payment of his own attorney's fees, such fees shall be a lien upon compensation payable to the claimant... ."