PER CURIAM.
The Breakers Hotel and Executive Risk Consultants appeal a workers’ compensation order requiring the Special Disability Trust Fund, pursuant to section 440.49, Florida Statutes, to reimburse the appropriate amount of a lump-sum settlement paid to the claimant pursuant to a settlement agreement, less the sum the claimant agreed to pay his attorneys for their services and costs. Appellants contend that the judge erred in excusing the Fund from paying its appropriate share of the entire settlement amount. We agree and reverse.
The washout agreement provides for payment of $200,000 to the claimant in settlement of all amounts due for past, present, and future compensation benefits, including past and future permanent total disability and supplemental benefits, and attendant care benefits. The agreement and the claimant’s affidavit attached thereto indicate that the claimant alone would be responsible for payment of his attorneys’ fees. The Fund has acknowledged that the fees, amounting to $30,750, have been paid by Claimant to his attorneys. The order contains no finding of collusion between the claimant and the carrier and none is alleged. Since the settlement agreement did not require the employer and carrier to pay any attorneys’ fees and costs in addition to the approved amount of the settlement of the workers’ compensation benefits due, the order under review is reversed and this cause is remanded with directions that Breakers and Executive Risk Consultants be reimbursed for the appropriate percentage of the total settlement amount. Florida Employers Ins. Serv. Corp. v. Special Disability Trust Fund, 615 So.2d 859 (Fla. 1st DCA 1993); § 440.49, Fla.Stat. (1987).
REVERSED AND REMANDED.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.